IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

MALIBU MEDIA, LLC,

                Plaintiff,                Case No.: 13-cv-526

    v.

DANIEL PLAUTZ,

                Defendant.

_____

**DEFENDANT DANIEL PLAUTZ'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF MALIBU MEDIA LLC'S AMENDED COMPLAINT**

## INTRODUCTION

**1.** This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

**RESPONSE:** Defendant admits that Plaintiff has alleged violations of the Copy Right Act, which form the basis of its Complaint. Defendant denies it is culpable for these purported violations of the Copy Right Act or that Plaintiff is entitled to any relief it seeks in the Complaint.

**2. Defendant is a persistent online infringer of Plaintiff's copyrights. Indeed, Defendant's IP address as set forth on Exhibit A was used to illegally distribute each of the copyrighted movies set forth on Exhibit B.**

**RESPONSE:** Defendant denies the allegations set forth in Paragraph 2 of the Amended Complaint.

**3. Plaintiff is the registered owner of the copyrights set forth on Exhibit B (the "Copyrights-in-Suit.")**

**RESPONSE:** Defendant lacks knowledge or information concerning the truth of the allegations set forth in Paragraph 3 of the Amended Complaint.

1

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition).

RESPONSE: Defendant admits that this Court has jurisdiction over the claims asserted in Plaintiff's Amended Complaint but denies that Plaintiff is entitled to the relief it seeks.

5. The Defendant's acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District, and therefore this Court has personal jurisdiction over the Defendant because (a) Defendant committed the tortious conduct alleged in this Complaint in this State, and (i) Defendant resides in this State and/or (ii) Defendant has engaged in substantial and not isolated business activity in this State.

RESPONSE: Defendant admits that he lives in this District but denies he committed copyright infringement. Defendant lacks knowledge or information concerning the truth of the remaining allegations set forth in Paragraph 5 of the Amended Complaint.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) the Defendant resides (and therefore can be found) in this District and resides in this State; additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases) because each Defendant or Defendant's agent resides or may be found in this District.

RESPONSE: Defendant admits that he resides in this District. Defendant lacks knowledge or information concerning the truth of the remaining allegations set forth in Paragraph 6 of the Amended Complaint.

## Parties

7. Plaintiff, Malibu Media, LLC, is a limited liability company organized and existing under the laws of the State of California and has its principal place of business located at 409 W. Olympic Blvd., Suite 501, Los Angeles, CA, 90015.

RESPONSE: Defendant lacks knowledge or information concerning the truth of the allegations set forth in Paragraph 7 of the Amended Complaint.

8. **Daniel Plautz is an individual residing at W224S7442 John Court, Big Bend, WI 53103.**

RESPONSE: Defendant admits the allegations set forth in Paragraph 8 of the Amended Complaint.

## Factual Background

*I. Defendant Used the BitTorrent File Distribution Network To Infringe Plaintiff's Copyrights*

9. **The BitTorrent file distribution network ("BitTorrent") is one of the most common peer-to-peer file sharing venues used for distributing large amounts of data, including, but not limited to, digital movie files.**

RESPONSE: Defendant lacks knowledge or information concerning the truth of the allegations set forth in Paragraph 9 of the Amended Complaint.

10. **BitTorrent's popularity stems from the ability of users to directly interact with each other in order to distribute a large file without creating a heavy load on any individual source computer and/or network. The methodology of BitTorrent allows users to interact directly with each other, thus avoiding the need for intermediary host websites which are subject to DMCA take down notices and potential regulatory enforcement actions.**

RESPONSE: Defendant lacks knowledge or information concerning the truth of the allegations set forth in Paragraph 10 of the Amended Complaint.

11. **In order to distribute a large file, the BitTorrent protocol breaks a file into many small pieces called bits. Users then exchange these small bits amongst each other instead of attempting to distribute a much larger digital file.**

RESPONSE: Defendant lacks knowledge or information concerning the truth of the allegations set forth in Paragraph 11 of the Amended Complaint.

**12.** After the infringer receives all of the bits of a digital media file, the infringer's BitTorrent client software reassembles the bits so that the file may be opened and utilized.

R<small>ESPONSE</small>: Defendant lacks knowledge or information concerning the truth of the allegations set forth in Paragraph 12 of the Amended Complaint.

**13.** Each bit of a BitTorrent file is assigned a unique cryptographic hash value.

R<small>ESPONSE</small>: Defendant lacks knowledge or information concerning the truth of the allegations set forth in Paragraph 13 of the Amended Complaint.

**14.** The cryptographic hash value of the bit ("bit hash") acts as that bit's unique digital fingerprint. Every digital file has one single possible cryptographic hash value correlating to it. The BitTorrent protocol utilizes cryptographic hash values to ensure each bit is properly routed amongst BitTorrent users as they engage in file sharing.

R<small>ESPONSE</small>: Defendant lacks knowledge or information concerning the truth of the allegations set forth in Paragraph 14 of the Amended Complaint.

**15.** The entirety of the digital media file also has a unique cryptographic hash value ("file hash"), which acts as a digital fingerprint identifying the digital media file (e.g. a movie). Once infringers complete downloading all bits which comprise a digital media file, the BitTorrent software uses the file hash to determine that the file is complete and accurate.

R<small>ESPONSE</small>: Defendant lacks knowledge or information concerning the truth of the allegations set forth in Paragraph 15 of the Amended Complaint.

**16.** Plaintiff's investigator, by IPP International UG, established a direct TCP/IP connection with the Defendant's IP address as set forth on Exhibit A.

R<small>ESPONSE</small>: Defendant lacks knowledge or information concerning the truth of the allegations set forth in Paragraph 16 of the Amended Complaint.

**17.** IPP International UG, downloaded from Defendant one or more bits of each of the digital movie files identified by the file hashes on Exhibit A.

**RESPONSE**: Defendant lacks knowledge or information concerning the truth of the allegations set forth in Paragraph 17 of the Amended Complaint.

**18. Each of the cryptographic file hashes as set forth on Exhibit A correlates to copyrighted movies owned by Plaintiff as identified on Exhibit B.**

**RESPONSE**: Defendant lacks knowledge or information concerning the truth of the allegations set forth in Paragraph 18 of the Amended Complaint.

**19. IPP International UG, downloaded from Defendant one of more bits of each file has listed in Exhibit A. IPP International UG further downloaded a full copy of each file hash from the BitTorrent file distribution network and confirmed through independent calculation that the file hash matched what is listed on Exhibit A. IPP International UG then verified that the digital media file correlating to each file hash listed on Exhibit A contained a copy of a movie which is identical (or alternatively, strikingly similar or substantially similar) to the movie associated with that file hash on Exhibit A. At no time did IPP International UG upload Plaintiff's copyrighted content to any other BitTorrent user.**

**RESPONSE**: Defendant lacks knowledge or information concerning the truth of the allegations set forth in Paragraph 19 of the Amended Complaint.

**20. IPP International UG downloaded from Defendant one or more bits of each digital media file as identified by its hash value on Exhibit A. The most recent TCP/IP connection between IPP and the Defendant's IP address for each file hash listed on Exhibit A is included within the column labeled Hit Date UTC. UTC refers to Universal Time which is utilized for air traffic control as well as computer forensic purposes.**

**RESPONSE**: Defendant lacks knowledge or information concerning the truth of the allegations set forth in Paragraph 20 of the Amended Complaint.

**21. An overview of the Copyrights-in-Suit, including each hit date, date of first publication, registration date, and registration number issued by the United States Copyright Office is set forth on Exhibit B.**

**RESPONSE**: Defendant lacks knowledge or information concerning the truth of the allegations set forth in Paragraph 21 of the Amended Complaint.

**22.     Defendant is the only person who can be identified as the infringer at this time.**

RESPONSE:     Defendant denies that it infringed any of Plaintiff's copyrights. Defendant lacks knowledge or information concerning the truth of the remaining allegations set forth in Paragraph 22 of the Amended Complaint.

## Miscellaneous

**23.     All conditions precedent to bringing this action have occurred or been waived.**

RESPONSE:     Defendant lacks knowledge or information concerning the truth of the allegations set forth in Paragraph 23 of the Amended Complaint.

**24.     Plaintiff has retained counsel and is obligated to pay said counsel a reasonable fee for its services.**

RESPONSE:     Defendant lacks knowledge or information concerning the truth of the allegations set forth in Paragraph 24 of the Amended Complaint.

## COUNT I
## Direct Infringement Against Daniel Plautz

**25.     The allegations contained in paragraphs 1-24 are hereby re-alleged as if fully set forth herein.**

RESPONSE:     Defendant repeats and realleges his responses to the preceding paragraphs as if fully set forth herein.

**26.     Plaintiff is the owner of the Copyrights-in-Suit, as outlined in Exhibit B, each of which covers an original work of authorship.**

RESPONSE:     Defendant lacks knowledge or information concerning the truth of the allegations set forth in Paragraph 26 of the Amended Complaint.

**27.     By using BitTorrent, Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit.**

6

**RESPONSE:** Defendant denies the allegations set forth in Paragraph 27 of the Amended Complaint.

**28. Plaintiff did not authorize, permit or consent to Defendant's distribution of its works.**

**RESPONSE:** Defendant lacks knowledge or information concerning the truth of the allegations set forth in Paragraph 28 of the Amended Complaint.

**29. As a result of the foregoing, Defendant violated Plaintiff's exclusive right to:**

**(A) Reproduce the works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;**

**(B) Redistribute copies of the works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;**

**(C) Perform the copyrighted works, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the works' images in any sequence and/or by making the sounds accompanying the works audible and transmitting said performance of the works, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publically" perform); and**

**(D) Display the copyrighted works, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the works nonsequentially and transmitting said display of the works by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publically" display).**

**RESPONSE:** Defendant denies the allegations set forth in Paragraphs 29(A)-(D) of the Amended Complaint.

**30. Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).**

**RESPONSE:** Defendant denies the allegations set forth in Paragraph 30 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

A.  Plaintiff fails to state a claim upon which relief can be granted.

B.  Plaintiff has failed to name necessary and indispensable parties.

C.  Plaintiff's claims are barred by the doctrine of unclean hands.

D.  Plaintiff's claims are barred by the doctrine of copyright misuse.

E.  Upon information and belief, Plaintiff is estopped from pursuing its claims against Defendant by virtue of Plaintiff's unlawful conduct.

F.  Plaintiff's claims is barred and/or reduced by Plaintiff's failure to mitigate its damages.

G.  If the Plaintiff's sustained the injuries or incurred the expenses as alleged, which is expressly denied, said injuries or expenses were directly and proximately caused by the negligence or fault of parties other than Defendant, whether named or unnamed in the Plaintiff's Complaint, over whom Defendant had no supervision or control and for whose actions and omissions Defendant has no legal responsibility. The Plaintiff's recovery, if any, should therefore be apportioned in accordance with applicable law.

H.  Upon information and belief, Plaintiff assumed the risk of any infringement of its copyrights by using a third-party investigator who uploaded these copyrighted materials onto BitTorrent for dissemination to other downloaders.

## JURY DEMAND

Defendant hereby requests a trial by jury

**RELIEF REQUESTED**

WHEREFORE, Defendant respectfully requests the following relief:

(a) Plaintiff's Complaint be dismissed with prejudice;

(b) For all costs and fees allowable by law; and

(c) For any other relief that the Court deems just


Dated this 3rd day of January, 2014.

                                   **HANSEN REYNOLDS DICKINSON CRUEGER LLC**

                                   /s/James B. Barton
                                  Thomas S. Reynolds II
                                  James B. Barton
                                  316 North Milwaukee St., Suite 200
                                  Milwaukee, WI 53202
                                  414.273.8470 Direct
                                  414.273.8476 Facsimile
                                  E-mail: treynolds@hrdclaw.com
                                                    jbarton@hrdclaw.com

                                  *Counsel for Defendant, Daniel Plautz*